UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

KHANG THIEN TRAN,

Defendant.

Case No. CR06-307 RSM

ORDER DENYING DEFENDANT'S
MOTION FOR WRIT OF ERROR CORUM
NOBIS

## I.   INTRODUCTION

This matter comes before the Court on remand from the Ninth Circuit to reconsider the motion by Defendant Khang Thien Tran petitioning the Court to issue a Writ of Corum Nobis. Dkt. #465. The Court originally denied this Motion on October 24, 2014, based on its interpretation of *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). Dkt. #471. Defendant appealed to the Ninth Circuit. Dkt. #472. The Ninth Circuit ruled that Defendant's Motion presented two arguments for relief, only one of which was properly precluded by *Padilla*. Defendant's other claim, relying on *United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005), argued that his conviction should be vacated based on the claim that his lawyer provided him with inaccurate legal advice regarding the immigration consequences of his plea. In *United States v. Chan*, 792 F.3d 1151(9th Cir. 2015), a case decided after this Court's order denying Defendant's petition,

ORDER DENYING MOTION FOR WRIT OF ERROR CORUM NOBIS - 1

the Ninth Circuit held that its decision in *Kwan* survived *Padilla*. *Id*. at 1154. As a result, the Ninth Circuit has remanded Defendant's case to this Court for a determination of that issue. The parties agreed to a briefing schedule with a new response brief from the Government and a reply brief from Defendant. Dkt. #481. For the reasons stated below, the Court DENIES Defendant's Motion.

## II. BACKGROUND

Defendant Tran was born in Vietnam in 1974. Dkt. #465-1 at 1. Mr. Tran later immigrated to the United States, becoming a lawful permanent resident on January 18, 1990, at the age of 15. *Id.* at 2.

In Defendant's criminal case, Mr. Tran and thirteen codefendants were charged with conspiracy to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, an offense carrying a mandatory minimum five-year prison term. Dkt. #22. *See* 21 U.S.C. § 841(b)(1)(B). The Superseding Indictment added two additional charges against Mr. Tran for the distribution of an unspecified amount of marijuana, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(D) (Counts 7 and 9). Dkt. #196.

As part of a written plea agreement, Mr. Tran was permitted to plead guilty to the lesser-included offense of conspiracy to distribute at least 50 kilograms but less than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C), an agreement that permitted Tran to avoid a mandatory minimum five-year prison term. *See* Dkt. #263.

At his change-of-plea hearing Mr. Tran had the benefit of an interpreter, Dkt. #483-1 at 2, even though he had not sought the assistance of an interpreter at other hearings. *See* Dkt. 109-144. At the start of the change-of-plea hearing, his counsel specifically informed the court that, although Mr. Tran spoke English "quite well," an interpreter was present because Tran

wanted to make sure he understood everything that occurred during the change-of-plea proceedings. Dkt. #483-1 at 3. The record establishes that Mr. Tran responded in English to the magistrate judge's questions. *See id.* at 2-18.

Later in the hearing, the magistrate judge specifically informed Mr. Tran that, if he was not a United States citizen, his guilty plea could result in his deportation. *Id.* at 8. When asked if he understood that fact, Tran answered "yes" in English. *Id.* He did not request either a further explanation from the court or time to consult with his counsel about this point. Tran also did not seek to withdraw his plea during the more than two weeks that passed before the Court entered the order accepting his guilty plea. *See* Dkt. 264, 271. Before this petition, Tran had never sought to withdraw his guilty plea.

Mr. Tran was sentenced to 18 months of imprisonment on September 11, 2007. Dkt. #344. After release from prison, Mr. Tran was taken into custody by the Department of Homeland Security and brought before an immigration judge. Dkt. #465-1 at 5. Mr. Tran says he signed papers that permanently relinquished his lawful permanent resident status, although he did not understand that at the time. *Id.*

On September 12, 2014, Mr. Tran filed the instant Motion petitioning for a writ of error coram nobis. Dkt. #465. This motion argues that Mr. Tran's erroneous guilty plea "made him removable from the United States as a matter of law," and that "his conviction bars him from applying for the primary forms of relief from deportation in removal proceedings." *Id.* at 9-10.

### III. DISCUSSION

#### A. Legal Standard

A defendant who has fully served his sentence may still challenge his conviction through a petition for a writ of error coram nobis. *Hirabayashi v. United States*, 828 F.2d 591,

604 (9th Cir. 1987).  This writ is a "highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007).  The Ninth Circuit has held that to be eligible for coram nobis relief, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Hirabayashi*, 828 F.2d at 604; *Matus–Leva*, 287 F.3d 758, 760 (9th Cir. 2002).  The failure to meet any one of these elements is fatal to a petition.  *Id.*

### B. The Second *Hirabayashi* Factor

Mr. Tran's original petition argued that courts have found this factor satisfied where "the applicable law was recently changed and made retroactive, when new evidence was discovered that the petitioner could not reasonably have located earlier, and when the petitioner was improperly advised by counsel not to pursue habeas relief."  Dkt. #465 at 7 (citing *Riedl*, 496 F.3d at 1007).  Mr. Tran cites to *Kwan, supra* as a case where the Ninth Circuit permitted a coram nobis petition to proceed on the grounds that the defendant's attorney "incorrectly advised him about the immigration consequences of his conviction at the time he entered his guilty plea."  *Id.* (citing *Kwan*, 407 F.3d at 1007).  Mr. Tran argues that his previous criminal defense lawyer erroneously advised him that he would not be deported to Vietnam if he pled guilty and that due to his limited English language skills, Mr. Tran did not comprehend the full scope of the immigration consequences that resulted from his conviction until 2010.  *Id.* at 8.

The Government argues, *inter alia*, that Mr. Tran cannot satisfy the second *Hirabayashi* factor because Mr. Tran was adequately informed by the magistrate judge at his change-of-plea

ORDER DENYING MOTION FOR WRIT OF ERROR CORUM NOBIS - 4

hearing that his guilty plea could result in his deportation and that Mr. Tran failed to take any timely action to withdraw his plea or otherwise attack his conviction. Dkt. #483 at 12-13. The Government argues that Mr. Tran could have pursued a 2255 motion for ineffective assistance of counsel under *Kwan* until September 25, 2008. *Id.* at 8.[1]

In his Reply brief, Mr. Tran argues that the Government forfeited its arguments above by not raising them in response the first time this Motion was briefed. Dkt. #484 at 1-2. Mr. Tran relies solely on *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033 (9th Cir. 2006) to support this argument. Mr. Tran acknowledges that the Government stated in a footnote to its original Response that it disputed the timeliness of Mr. Tran's petition and that Mr. Tran was prejudiced by counsel's deficient performance, and that it wished to preserve those issues for appeal. *See* Dkt. #467 at 6. Mr. Tran submits that "the Government's two-sentence footnote was insufficient to preserve the issues of timeliness and prejudice for review, as no briefing was provided and no arguments in support of the Government's position were submitted." Dkt. #484 at 2 n.1. Nevertheless, Mr. Tran responds to the Government's brief by arguing there was good cause for delay because "Mr. Tran was unaware of actual immigration consequences of his conviction until approximately two years after his conviction in this matter became final." *Id.* at 3 (citing *Kovacs v. United States*, 744 F.3d 44, 54 (2d Cir. 2014)). Mr. Tran details conversations he had with several immigration attorneys after his release. Mr. Tran argues that "the magistrate judge's advice [that he could be deported] consisted of only a general warning which was in direct conflict with the advice provided to Mr. Tran by his attorney that he would not be deported from the United States." *Id*. at 4.

---

[1] The Government also argues that the advice Mr. Tran received from his counsel (that he could not be deported after pleading guilty) was actually accurate because the United States did not have a repatriation agreement with Vietnam at the time. Dkt. #483 at 10 (citing *United States v. Nguyen*, 465 F.3d 1128, 1129 (9th Cir. 2006)). The Government further argues that Mr. Tran still cannot be deported to Vietnam based on a 2008 repatriation agreement. *Id* (citing Dkt. #483-3). Although the Government's contentions appear correct, this question need not be answered for the Court to rule on this Motion.

ORDER DENYING MOTION FOR WRIT OF ERROR CORUM NOBIS - 5

The Court begins by noting that its review of Mr. Tran's Motion on remand is now limited a discussion of his arguments under *Kwan, supra*. Dkt. #478.

The Court disagrees with Mr. Tran that the Government has forfeited its substantive arguments above. Mr. Tran has cited no authority for such, other than *Walsh*, a case which involved a Plaintiff failing to raise an issue in response to a motion to dismiss and which lacked the particular procedural circumstances of this case, where the Ninth Circuit remanded and the parties stipulated to additional briefing. Furthermore, the Court finds Mr. Tran has not been prejudiced by allowing the Government to submit new arguments since he has been given the same opportunity to reply as if they had been submitted the first time around.

Turning to the substance of this Motion, the Court generally agrees with the Government. Mr. Tran has failed to satisfy the second *Hirabayashi* factor based on the record, and this is dispositive. *Hirabayashi*, 828 F.2d at 604; *Matus–Leva*, 287 F.3d at 760 (9th Cir. 2002). Mr. Tran argues that he was not aware of the consequences of his guilty plea until recently, and that these consequences could theoretically increase his chances of deportation. He argues that his counsel advised him that he could not be deported. Yet the record clearly shows that he was informed by the magistrate judge at his change-of-plea hearing that he could be deported, and that he stated on the record that he understood what the judge was saying. Mr. Tran's argument that he did not believe the judge because his counsel told him otherwise is not compelling. If there was any confusion, Mr. Tran had plenty of opportunity to clarify with his counsel. Mr. Tran has thus failed on this basis alone to establish good cause for bringing this Motion seven years after that hearing. Having found that Mr. Tran has failed to satisfy the second *Hirabayashi* factor, the Court will deny his Motion.

ORDER DENYING MOTION FOR WRIT OF ERROR CORUM NOBIS - 6

**CONCLUSION**

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for a Writ of Corum Nobis is DENIED.

DATED this 14th day of April 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE